IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EIBE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-862-WKW |
| | ) | |
| COFFEE COUNTY SHERIFF DEPT. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Eibe Scott ("Scott"), an indigent inmate presently confined at the Coffee County Jail.   In this complaint, Scott challenges conditions to which he is subjected at the Coffee County Jail, including the medical treatment provided to him for a broken finger.  Scott names the Coffee County Sheriff Department, the Coffee County Jail, Byron Caylor, the jail administrator, Quality Correctional Health Care, the jail's medical care provider, and Nurse Brenda Stuckey as defendants in this cause of action.

Upon thorough review of the complaint, the court concludes that Scott's claims against the Coffee County Sheriff Department and the Coffee County Jail are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Scott leave to proceed *in forma pauperis* on November 4, 2016 (Doc. No. 3).  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the

## II.  DISCUSSION

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, an essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Serv., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

The capacity of a party to be sued is "determined by the law of the state in which the district court is held."  *Dean*, 951 F.2d at 1214.  The law is well settled that the sheriff's department of an Alabama county "is not a legal entity and, therefore, is not subject to suit or liability under section 1983."  *Id.*; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department."); *King v. Colbert Cty.*, 620 So.2d 623, 626 (Ala. 1993) ("The Colbert County Sheriff's Department is not a legal entity.  Therefore, one cannot maintain an action against it.").  Moreover, the Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns" such as a county jail "lack[] the capacity to sue or be sued . . ."  *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010).  Finally, a county jail is merely a physical structure which is not a person within the meaning of 42 U.S.C. § 1983 for purposes of suit or liability.

---

claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In light of the foregoing, the court concludes that the claims lodged against the Coffee County Sheriff Department and the Coffee County Jail are due to be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Coffee County Sheriff Department and the Coffee County Jail be summarily dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Coffee County Sheriff Department and the Coffee County Jail be dismissed as defendants in this cause of action.

3. This case, with respect to the plaintiff's claims lodged against Byron Caylor, Quality Correctional Health Care and Nurse Brenda Stuckey, be referred back to the undersigned for further appropriate proceedings.

The plaintiff is advised that he may file objections to the Recommendation on or before November 21, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of November, 2016.

_____/s/___Wallace Capel, Jr._____
UNITED STATES MAGISTRATE JUDGE